**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-51107
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE GUADALUPE CARRILLO-PALACIOS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-188-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Carrillo-Palacios (Carrillo) appeals the 70-month sentence imposed upon his guilty plea conviction for illegal reentry subsequent to having been removed. *See* 8 U.S.C. § 1326. He argues that his sentence within the Sentencing Guidelines range is unreasonable in light of his difficult past, his genuine attempts to rehabilitate, and the effect that incarceration would have on his wife and his infant son. He argues that the sentence was greater than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary to fulfill the sentencing purposes of 18 U.S.C. § 3553(a). Relying on *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), Carrillo argues that the presumption of reasonableness, *see United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2007), should not apply to his illegal reentry sentence because it is not based on empirical data or experience. He argues that his criminal history was double-counted because it was used to determine his offense level and his criminal history category.

Double counting is not impermissible unless the Guidelines so state. *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). The sentencing transcript shows that the court listened to and considered Carrillo's arguments and articulated reasons for rejecting those arguments and imposing a sentence at the bottom of the applicable guidelines range. *See Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007). The district court considered the sentencing factors set forth in 18 U.S.C. § 3553(a), including Carrillo's history, his new marriage, and his infant son and concluded that a guidelines sentence was sufficient but not greater than necessary to comply with the provisions of § 3553(a). Accordingly, the sentence was not substantively unreasonable. *See, e.g., United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Carrillo has failed to demonstrate that the district court abused its discretion in imposing a within-guidelines sentence. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). His sentence is therefore AFFIRMED.